**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JOHN POINDEXTER                  :

     Plaintiff                    :

     v                          :         Civil Action No. RWT-06-2257

JAMES SMITH, *et al.*             :

     Defendants             :

oOo

## MEMORANDUM OPINION

Pending is Defendants' Response to Order to Show Cause which has been construed as a Motion to Dismiss. *See* Paper Nos. 6, 7. Plaintiff has filed a response in opposition to the motion. Paper No. 8. Upon review of the papers filed, the undersigned finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendants' motion shall be granted.

Background

Plaintiff alleges that on August 18, 2006, he was transferred to Jessup Correctional Institution ("JCI") from the District of Columbia Department of Corrections. *See* Paper No. 1, at 4. He claims that upon his arrival to JCI, he was placed on disciplinary status without cause and without a due process hearing. *Id.* Plaintiff alleges that in light of the fact that he had no infractions and that he had a "past escape," he should have been placed on administrative segregation instead of disciplinary segregation. *Id.* He states that upon arriving at the institution, he was not seen by any medical staff and that his requests for medical attention went unanswered. *Id.* He states that he suffers from high blood pressure and has a history of strokes. *Id.* In addition, he claims that he was never issued institutional clothing, requiring him to go one week without a change of clothes. *Id.* Finally, Plaintiff claims that he was not permitted access to legal documents which hindered his access to courts. *Id.*

Defendants explain that Plaintiff, who escaped from the District of Columbia jail, was temporarily transferred to the Maryland Division of Correction while suitable housing was being arranged by the District of Columbia. *See* Paper No. 6, Exh. 1. Plaintiff was not a Maryland prisoner; Defendants state he was placed on disciplinary segregation as a precautionary measure, to keep him away from general population inmates. *Id.* Defendants explain that because Plaintiff's stay at JCI was brief—less than six weeks—the grievances he filed were not addressed. *Id.*

In his response in opposition, Plaintiff waives his request for injunctive relief in light of the fact that he is no longer incarcerated at JCI. *See* Paper No. 8, at 2. He claims he remains entitled to monetary damages because he was not provided a due process hearing prior to being placed on disciplinary segregation, as required by applicable Division of Correction Directives. *Id.* He asserts that Defendants were "negligent and apathetic in reviewing classification and custody documents concerning Plaintiff and should have placed Plaintiff properly on Administrative Segregation." *Id.* at 3.

<u>Standard of Review</u>

A court reviewing a motion under Rule 12(b)(6) accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

<u>Analysis</u>

In the prison context, there are two types of constitutionally protected liberty interests which may be created by state action. The first occurs when there is a state-created entitlement to an early release from incarceration. *See Board of Pardons v. Allen*, 482 U. S. 369, 381 (1987) (state-created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state-created liberty interest in good conduct credits). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995).

In the instant case, Plaintiff asserts that he was subjected to an atypical and significant hardship because he was given an improper segregation status. *See* Paper No. 8. He claims he should have been assigned to administrative segregation, not disciplinary segregation. *See* Paper Nos. 1, 8. Plaintiff's claim is a distinction without a difference. His assignment to disciplinary segregation as opposed to administrative segregation is not an imposition of atypical and significant hardship. There is no allegation that Plaintiff was deprived of diminution of confinement credits as a result of his assignment to disciplinary segregation. To the extent that he may have been permitted to otherwise earn diminution of confinement credits but for his segregation status, his assignment to administrative segregation would have imposed the same encumbrance.

Plaintiff's access to courts claim also fails. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis v. Casey*, 518 U. S. 343, 355 (1996). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents

courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Although Plaintiff claims that he was not permitted access to legal documents, he has failed to state how it impacted on his ability to litigate a legitimate legal claim. Absent such a showing, actual injury is not established.

Finally, Plaintiff fails to establish actual injury as a result of the failure to provide him with a change of clothing.  As such, this claim also shall be dismissed.

In light of Plaintiff's transfer from JCI, his request for injunctive relief is moot and shall be denied.  His remaining claims for monetary damages will be dismissed by separate Order.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury".  Dismissal pursuant to Fed. R. Civ. Proc. 12(b)(6), for failure to state a claim upon which relief may be granted, qualifies as a dismissal under 28 U.S.C. §1915(g).  The instant case will be the first filed by Plaintiff in this District to be dismissed under this standard.

_____        _____/s/_____

Date: 12/20/06                          ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE